MORIMURA BROS. v. UNITED STATES.

(Circuit Court, S. D. New York. November 15, 1909.)

No. 5,509.

CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—"TOYS"—"FANS OF ALL KINDS."
   The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 427, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675) for "fans of all kinds," was, notwithstanding its broad language. not intended to include every-

thing which might be called a fan, and to an exceedingly limited extent used as a fan; and so-called cigar fans and firecracker fans, consisting of small folding fans closing into cases representing cigars, etc., are not dutiable under said provision, but under paragraph 418, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1674), as "toys."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 8, pp. 7036, 7818.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The opinion filed by the Board of General Appraisers reads as follows:

HAY, General Appraiser. The imported articles here in question were invoiced as fans, with different qualifying words. They are small folding fans closing into cases representing cigars or other fancy designs. Two of the protests in question were once before decided by this Board, and a motion for rehearing granted. These two were consolidated with the other protests covered by this decision, and testimony introduced at the same hearing applying to all of the protests. The articles were assessed under paragraph 427 of the tariff act of 1897, and it is claimed by the importers that they are properly dutiable under paragraph 418, 407, or 208, or section 6.

The expression "fans of all kinds," used in paragraph 427, is comprehensive, and would seem to be broad enough to cover every variety and quality of fans, whether made of the cheapest paper or the most expensive lace and ivory, and whether flimsy or substantial. The evidence, we think, justifies the conclusion, and it is a matter of common knowledge, that the fan is an article that borders close upon a toy—at least it is frequently used as an ornament or plaything; and if a fan fashioned of ivory and lace, so delicate as to render it necessary to handle it with extreme care, and carried only by a lady when dressed for an evening entertainment, comes under the provision "fans of all kinds," then it is difficult to see why a flimsy, cheap fan, made for and used by children, does not also come under that provision. It is not for this Board or the courts to determine to what degree an article called a fan shall fulfill the requirements of a fan, in order to come within the purview of the comprehensive language of the law; for, if it fulfills those requirements to any degree, it certainly comes under the classification of "fans of all kinds." Downing v. United States (C. C.) 141 Fed. 490, T. D. 26,454, does not in our judgment decide any principle. It does no more than to pass upon the evidence which was before the court, and is authority only with reference to the articles which the court had under consideration.

The merchandise under consideration in this case, we think, was properly classified by the collector, and the protests are therefore overruled.

Kammerlohr & Duffy (Joseph G. Kammerlohr, of counsel), for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (William A. Robertson, of counsel), for the United States.

PLATT, District Judge. The imported articles in dispute were invoiced as fans, with different qualifying words. They are small folding fans closing into cases representing cigars or other fancy designs. They were assessed by the collector at 50 per cent. ad valorem under the provision in paragraph 427, tariff act of 1897, for "fans of all kinds." The importers claim that the are properly dutiable under paragraph 418 as toys, etc., or under paragraph 407 as manufactures

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of paper, or under 208 as manufactures of wood, etc., or section 6 as unenumerated manufactured articles. The Board of Appraisers affirmed the assessment of duty as made by the collector.

These so-called cigar fans and firecracker fans would, of course, go under paragraph 418, except for the words therein "not otherwise provided for." The Board thought they were aptly described by paragraph 427. The congressional mind was evidently in a very expansive condition at the moment of enacting that paragraph (427). "All kinds" is certainly broad; and yet it hardly seems as if Congress could have meant to include everything which might in some way come to be called a fan, and might, to an exceedingly limited extent, be used as a fan is commonly used. Usages of trade probably put them nowhere. In fact, I think they were unknown when the act was passed. But, if what the trade thinks could have any weight, it would take them to be toys rather than fans. I do not believe it possible that, if the merchandise in dispute had been held up before the congressional eye at the moment the act was being passed, it would have taken an instant for the congressional mind to have decided not to include it in the language "fans of all kinds." It would have been obvious, it seems to me, to the congressional mind that they were toys, and nothing in the world but toys. The Board thinks that Downing v. United States (C. C.) 111 Fed. 490, T. D. 26,454, lays down no general principle. I am not sure what the Board means by that; but I am certain that the principles there enunciated are general enough to cover such merchandise as that now in dispute.

The decision of the Board of General Appraisers is reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes